S05Y1880, S05Y1881, S05Y1882, S05Y1883, S05Y1884, S05Y1885, S05Y1886, S05Y1887. IN THE MATTER OF CHARLES DOUGLAS BEST (eight cases).

(622 SE2d 337)

PER CURIAM.

These disciplinary matters are before the Court on the Notices of Discipline filed by the State Bar against Respondent Charles Douglas Best in which it recommends that Best be disbarred for his violations of Rules 1.3, 1.4, 8.4 (a) (4), and 9.3 of the Rules of Professional Conduct found in Bar Rule 4-102 (d). The State Bar served Best by publication in accordance with Bar Rule 4-203.1 (b) (3) (ii) but Best failed to reject the notices within 30 days of service, see Bar Rule 4-208.3 (a), and accordingly, he is in default, has no right to an evidentiary hearing and is subject to the discipline of this Court, see Bar Rule 4-208.1 (b).[1]

In each of the eight cases, Best accepted representation and fees, but took little or no action to pursue his clients' cases. His telephone numbers were disconnected and he moved from his office with no forwarding address. He did not contact or communicate with his clients, nor did he take any action to protect their rights. Accordingly, we agree with the State Bar that the appropriate discipline in this case is disbarment. We hereby order that the name of Charles

---

[1] We note that, for the first time, Best has filed a petition for voluntary surrender of his license with this Court. In general, however, such petitions may be submitted prior to the issuance of a formal complaint for the consideration by the State Bar, not this Court. See Bar Rule 4-227 (b). Therefore, we do not consider Best's untimely petition, and it does not change the outcome in this case.

Douglas Best be removed from the rolls of attorneys authorized to practice law in the State of Georgia. He is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED NOVEMBER 21, 2005.

*William P. Smith III, General Counsel State Bar, Paula J. Frederick, Assistant General Counsel State Bar*, for State Bar of Georgia.